UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN VLASICH,<br><br>          Plaintiff,<br><br>   v.<br><br>SAN DIEGO SUPERIOR COURT, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:05-CV-00870-OWW-LJO-P<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 1) |

I.    <u>Screening Order</u>

      A.    <u>Screening Requirement</u>

Plaintiff Steven Vlasich ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 6, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### C. Plaintiff's Claim

Plaintiff is suing the San Diego Superior Court and the California Department of Corrections and Rehabilitation (CDCR) under section 1983. The basis of plaintiff's claim is the court's assessment against him of direct restitution in the amount of $10,000.00 and CDC's collection of a percentage of that amount from his trust account. Plaintiff seeks an injunction requiring the court to amend the abstract of judgment and minutes to reflect that the $10,000.00 assessment is a fine rather than direct restitution, and an injunction prohibiting CDCR from deducting more than 20% for any restitution amount assessed prior to 1992 and limiting CDCR to deducting restitution only from plaintiff's prison wages.

///

1   Subject to limited exceptions not applicable here, the San Diego Superior Court is entitled
2   to absolute immunity from suit.  42 U.S.C. § 1983; <u>Azubuko v. Royal</u>, No. 05-4584, 2006 WL
3   715791, *1 (3d Cir. Mar. 22, 2006).  Accordingly, plaintiff's claim against the court, stemming from
4   actions in plaintiff's criminal cases by the Honorable Jesus Rodriguez acting in his capacity as a
5   judicial officer, fails as a matter of law.

6   Plaintiff's claim against CDCR is also barred.  The Eleventh Amendment prohibits federal
7   courts from hearing suits brought against an unconsenting state.  <u>Brooks v. Sulphur Springs Valley</u>
8   <u>Elec. Co.</u>, 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); <u>see also</u> <u>Seminole Tribe of Fla.</u>
9   <u>v. Florida</u>, 116 S.Ct. 1114, 1122 (1996); <u>Puerto Rico</u> <u>Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.</u>,
10  506 U.S. 139, 144 (1993); <u>Austin v. State Indus. Ins. Sys.</u>, 939 F.2d 676, 677 (9th Cir. 1991).  The
11  Eleventh Amendment bars suits against state agencies as well as those where the state itself is named
12  as a defendant.  See <u>Natural Resources Defense Council v. California Dep't of Tranp.</u>, 96 F.3d 420,
13  421 (9th Cir. 1996); <u>Brook</u>, 951 F.2d at 1053; <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989)
14  (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment
15  immunity); <u>Mitchell v. Los Angeles Community College Dist.</u>, 861 F.2d 198, 201 (9th Cir. 1989).
16  Because CDCR is a state agency, it is entitled to Eleventh Amendment immunity from suit and
17  plaintiff is barred from seeking relief against it in this action.

18  D.   <u>Conclusion</u>

19  The court finds that plaintiff's complaint does not contain a claim upon which relief may be
20  granted under section 1983 against either named defendant.  The court will provide plaintiff with the
21  opportunity to file an amended complaint.

22  Plaintiff is informed he must demonstrate in his complaint how the conditions complained
23  of have resulted in a deprivation of plaintiff's constitutional rights.  See <u>Ellis v. Cassidy</u>, 625 F.2d
24  227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is
25  involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
26  connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S.
27  362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740,
28  743 (9th Cir. 1978).

1    Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
2 complete in itself without reference to any prior pleading. As a general rule, an amended complaint
3 supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once
4 plaintiff files an amended complaint, the original pleading no longer serves any function in the case.
5 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
6 of each defendant must be sufficiently alleged.
7    Accordingly, based on the foregoing, it is HEREBY ORDERED that:
8    1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim
9         upon which relief may be granted;
10   2.   The Clerk's Office shall send plaintiff a civil rights complaint form;
11   3.   Within **thirty (30) days** from the date of service of this order, plaintiff shall file an
12        amended complaint; and
13   4.   If plaintiff fails to file an amended complaint in compliance with this order, the court
14        will recommend that this action be dismissed, without prejudice, for failure to state
15        a claim upon which relief may be granted.

17 IT IS SO ORDERED.

18 **Dated:    April 12, 2006**              **/s/ Lawrence J. O'Neill**
   b9ed48                                     UNITED STATES MAGISTRATE JUDGE