UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| STEVEN VLASICH, | CASE NO. 1:05-CV-00870-LJO-DLB PC |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| SAN DIEGO SUPERIOR COURT, et al., | (Doc. 18) |
| Defendants. | |

I.  Findings and Recommendations Following Screening of Amended Complaint

    A.  Screening Requirement

Plaintiff Steven Vlasich ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 6, 2005. On April 13, 2006, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. After obtaining two extensions of time, plaintiff filed an amended complaint on July 17, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Plaintiff's Claims

Plaintiff is suing San Diego Superior Court Judge Jesus Rodriguez, and California Department of Corrections and Rehabilitation (CDCR) officials W. A. Duncan, Sandi J. Menefee, Terry Boehme, and Laura Hill under section 1983. The bases of plaintiff's claims are Judge Rodriguez's assessment against him of direct restitution in the amount of $10,000.00, and CDCR's collection of a percentage of that amount from his trust account. Plaintiff alleges Judge Rodriguez had no authority to order direct restitution for receiving stolen property and being an ex-felon in possession of a firearm because the victims suffered no monetary loss. Plaintiff alleges that

defendants Duncan and Menefee authorized an increase from 20% to 30% for restitution deductions, plus a 3% administrative fee.  Plaintiff alleges defendant Hill supervises the Restitution Recovery Section, which processed the direct restitution as a fine, resulting in the money not going directly to the victim.  Plaintiff alleges defendant Boehme is responsible for processing the deduction as a fine, despite it having been identified as direct restitution in a CDCR memo.

Plaintiff alleges Judge Rodriguez violated his rights under the Eighth Amendment and Due Process Clause of the Fourteenth Amendment, and defendants Duncan, Menefee, Hill, and Boehme violated his rights under the *Ex Post Facto* law.  Plaintiff seeks an injunction requiring the San Diego Superior court to amend the abstract of judgment and minutes to reflect that the $10,000.00 assessment is a fine rather than direct restitution, and an injunction prohibiting CDCR from deducting more than 20%, plus an administrative fee of 2%, from plaintiff's prison wages.

        1.     Claim Against Judge Rodriguez

Plaintiff is attempting in this action to mount what is a challenge to the terms of his sentence.  When seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).  "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  Id. at 488.  Plaintiff must raise his challenge to the allegedly erroneous assessment of direct restitution via a direct appeal of the trial court's order or via petition for writ of habeas corpus.  The claim is not cognizable in this civil rights action.

        2.     Claim Against CDCR Officials

The *Ex Post Facto* Clause "forbids the application of any new punitive measure to a crime already consummated," and "pertain[s] exclusively to penal statutes."  Kansas v. Hendricks, 521 U.S. 346, 370 (1997) (internal quotation marks and citations omitted).  A law violates the *Ex Post Facto* Clause under three circumstances:  (1) when it punishes an act which was not a crime when it was committed; (2) when it makes a crime's punishment greater than when the crime was

committed; or (3) when it deprives a person of a defense available at the time the crime was committed. Collins v. Youngblood, 497 U.S. 37, 42, 110 S.Ct. 2715, 2719 (1990).

Plaintiff is raising a challenge to how CDCR administratively handles restitution and fines. Plaintiff's allegation do not state a claim for violation of the *Ex Post Facto* Clause, or for any other constitutional violation.

C.   Conclusion

Plaintiff's amended complaint fails to state any cognizable claims for relief under section 1983. The deficiencies are not amenable to amendment, Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000), and the court THEREFORE RECOMMENDS that this action be dismissed, without prejudice, for failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 27, 2007**          /s/ **Dennis L. Beck**
3b142a                                                  UNITED STATES MAGISTRATE JUDGE

4